Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001070
14-FEB-2014
08:51 AM

NOS.  CAAP-12-0001070 and CAAP-13-0000055

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAİI


GARY KARAGIANES, Appellant-Appellant, v.
HAWAİI OMBUDSMAN, ROBIN K. MATSUNAGA, Appellee-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2213-08)


MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Reifurth JJ.)

Appellant-Appellant Gary Karagianes (Appellant) appeals from (1) the "Order Granting Hawai̇i Ombudsman's Motion to Dismiss" entered December 12, 2012, (2) the "Final Judgment" entered January 10, 2013, and (3) the "Order Denying Appellant's Motion for Reconsideration" also entered January 10, 2013 in the Circuit Court of the First Circuit[1] (circuit court).

The issue on appeal is whether the circuit court had jurisdiction to review a decision of Appellee-Appellee Hawai̇i Ombudsman, Robin K. Matsunaga of the Office of the Ombudsman for the State of Hawai̇i (Ombudsman).

I.  BACKGROUND

On April 12, 2012, Appellant sent a letter to the Ombudsman stating that he disagreed with a March 22, 2011 decision of the Hawai̇i Paroling Authority (Paroling Authority) that denied his request for a reduced minimum term of incarceration.  On April 24, 2012, at Appellant's request, the Ombudsman agreed to investigate Appellant's complaint against the

---

[1]     The Honorable Karl K. Sakamoto presided.

Paroling Authority. On June 19, 2012, the Ombudsman concluded Appellant's complaint against the Paroling Authority could not be substantiated. The Ombudsman did not disclose any information relating to the investigation provided to them by the Paroling Authority.

On June 28, 2012, Appellant asked the Ombudsman to reopen his case and compel the Paroling Authority to reduce Appellant's term of incarceration. Appellant also asked the Ombudsman to provide him with additional information regarding the basis for its determination that his complaint lacked merit. On July 27, 2012, the Ombudsman informed Appellant that it would not re-open his case and that they lacked legal authority to compel the Paroling Authority to reduce Appellant's term of incarceration (Ombudsman's Decision). The Ombudsman's Decision also stated that they were prohibited by law from providing Appellant with information regarding the investigation.

## II. DISCUSSION

Hawaii Revised Statutes (HRS) Chapter 96 affords the Ombudsman immunity from judicial review. HRS § 96-17 (2012 Repl.) provides:

> §96-17 Judicial review, immunity. No proceeding or decision of the ombudsman may be reviewed in any court, unless it contravenes the provisions of this chapter. The ombudsman has the same immunities from civil and criminal liability as a judge of this State. The ombudsman and the ombudsman's staff shall not testify in any court with respect to matters coming to their attention in the exercise or purported exercise of their official duties except as may be necessary to enforce the provisions of this chapter.

(Emphasis added.) Appellant appears to contend the circuit court had jurisdiction to review the Ombudsman's Decision because it contravened HRS § 96-14 (2012 Repl.). HRS § 96-14 provides "[a]fter a reasonable time has elapsed, the ombudsman shall notify the complainant of the actions taken by the ombudsman and by the agency." Here, the Ombudsman promptly notified Appellant of the actions taken through mail and telephone correspondence. Additionally, the Ombudsman has a duty to not disclose information relating to investigations unless disclosure is necessary to carry out their duties. See HRS § 96-9(b) (2012 Repl.). Appellant's contention that the Ombudsman contravened

Chapter 96 by not disclosing information relating to the investigation is thus without merit.[2]

Finally, any contention that the Ombudsman's Decision contravened a provision of Chapter 96 by refusing to compel the Paroling Authority to take certain actions is without merit. The Ombudsman does not have enforcement powers and the Ombudsman's opinions are advisory. See HRS §§ 96-4, -12, -13, -15 (2012 Repl.).

### III. CONCLUSION

Accordingly, the (1) the "Order Granting Hawai'i Ombudsman's Motion to Dismiss" entered December 12, 2012, (2) the "Final Judgment" entered January 10, 2013, and (3) the "Order Denying Appellant's Motion for Reconsideration" also entered January 10, 2013 in the Circuit Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawai'i, February 14, 2014.

On the briefs:

Gary Karagianes
Appellant-Appellant pro se.

Patricia Ohara
Kyle K. Chang
Deputy Attorneys General
for Appellee-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[2]     Appellant's underlying grievance appears to be a challenge of the minimum term of imprisonment set for Appellant by the Paroling Authority. Appellant relies on Coulter v. State, 116 Hawai'i 181, 172 P.3d 493 (2007) for the proposition that the Paroling Authority was required to provide him with the information upon which the Paroling Authority based its minimum term of imprisonment determination. Appellant's reliance on Coulter in the instant case is misplaced. A Hawai'i Rules of Penal Procedure Rule 40 petition for post-decree relief, filed against the State, is the appropriate means to challenge the validity of a minimum term of imprisonment set by the Paroling Authority; a judicial review of an ombudsman investigation is not. See generally Coulter, 116 Hawai'i at 184, 172 P.3d at 496.

3